UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREGORY GORDON, KIN VASQUEZ AND
KENNETH KIDD,

                                Plaintiffs,

                             - against -

                                                                        10 CV 1549 (RPP)

THE COUNTY OF ROCKLAND AND REV. TERESA
DARDEN CLAPP, in her individual and official capacity    **OPINION & ORDER**
as a Correction Officer employed by the County of Rockland,

                              Defendants,
----------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.,**

**I.   Introduction**

       On October 14, 2010, Defendants, the County of Rockland and Revered Teresa Darden Clapp, moved this Court for an order of summary judgment dismissing the instant complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Southern District Local Civil Rules. Defendants' summary judgment motion was supported by: the Affidavit of Revered Teresa Darden Clapp; the Affidavit of Joseph Conjura, Captain of the Rockland County Sheriff's Department; the Declaration of Richard M. Mahon, II, Attorney for Defendants, with attached exhibits; and Defendant's Statement Pursuant to Local Rule 56.1.

       Plaintiffs, Gregory Gordon, Kin Vasquez, and Kenneth Kidd, filed a complaint on February 24, 2010 alleging violations of the First, Fifth, Eighth and Fourteenth Amendments; 42 U.S.C. § 1983; and the parallel rights of the New York State Constitution. Plaintiffs claim that between March 26, 2007 and May 7, 2007, Defendants engaged in a pattern of unconstitutional conduct, policies and practices that abridged the Plaintiffs' religious freedoms causing plaintiffs to sustain severe psychological trauma. Specifically, Plaintiffs claim that between those dates,

Defendant, Reverend Clapp, distributed two religious booklets ("the tracts"), published by Chick Publications, entitled "Men of Peace?" and "Allah has no Son" which contained defamatory statements about the Muslim faith. (Compl. ¶¶ 13-18). Further, Plaintiffs claim that Revered Clapp refused to permit the Plaintiffs from using the Quran in the Jail; that on occasion Muslim Services were held in the "barber shop" of the jail which hindered and prevented prayer service; that the County had a policy, both express and/or implied, to deny the religious rights of Plaintiffs; that the County, despite its knowledge of the conduct of Reverend Clapp, permitted her to act as Plaintiffs' religious director; that the County failed to hire anyone to lead Muslim services in an effort to discourage and hinder religious observance by Muslims; and that as a result of the distribution of the two tracts, non-Muslim inmates began altercations with inmates, including plaintiffs and, non-Muslim inmates called Allah the devil, causing Plaintiffs to sustain severe psychological trauma. (Id. at ¶¶ 22-26.)

On January 5, 2011, Plaintiffs voluntarily withdrew all claims asserted against the County of Rockland. (Declaration of Andrew F. Plasse ("Plasse Decl.") at ¶ 10.) Thus, the only remaining Defendant in this action is Reverend Clapp, in both her official and personal capacity. Further, the opposition papers submitted by Plaintiffs only addressed the issue of Reverend Clapp's deliberate indifference to Plaintiffs' right to free exercise of religion by distributing the allegedly defamatory tracts. Consequently, Plaintiffs' First Amendment allegation regarding the distribution of the tracts is the sole remaining claim at issue on this motion for summary judgment.

For the foregoing reasons Defendant's motion for summary judgment is granted in part and denied in part. Summary judgment on this claim against Reverend Clapp in her official

capacity is granted and summary judgment on this claim against Reverend Clapp in her personal capacity is denied.

## II. Legal Standard

Summary judgment is granted when "there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-587 (1986). Summary judgment is inappropriate if, resolving all ambiguities and drawing all inferences against the moving party, there exists a dispute about a material fact "such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of his constitutional or statutory rights by a person acting under the color of state law. To be liable under §1983, the defendant must have been personally involved in the alleged violation. <u>See Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994). Here, Plaintiffs' claim under § 1983 is that Reverend Clapp, a state actor by virtue of her employment with the Jail, violated their First Amendment right to free exercise of religion through her deliberate indifference in distribution of the allegedly defamatory tracts. While prisoners, like other citizens, have a First Amendment right to the free exercise of their religion "a threshold question is whether the alleged state action in question substantially burdens that right." <u>Wagnoon v. Gatson</u>, Nos. 00 Civ 3722, 2001 WL 709276, at *3 (S.D.N.Y. June 25, 2001).

## III. Factual Background

The following facts are drawn from the Plaintiffs' Complaint filed on February 24, 2010 ("Compl."), Defendants' Statement of Undisputed Facts pursuant to Local Rule 56.1 filed October 25, 2010 ("Def. 56.1"), Plaintiffs' Statement of Undisputed Facts pursuant to Local Rule

56.1 filed January 05, 2011 ("Pla. 56.1"), Affidavits from Reverend Teresa Darden Clapp ("Clapp Aff.") and Captain Joseph Conjura ("Conjura Aff."), the Declaration of Richard M. Mahon, II ("Mahon Decl.") filed October 25, 2010 with exhibits A through M, and the Declaration of Andrew F. Plasse ("Plasse Decl.") filed January 5, 2011, with exhibits A through H.

Revered Clapp ("Rev. Clapp"), an ordained Christian minister, has been employed by the County of Rockland at the Rockland County Correctional Facility ("the Jail") in the capacity of Jail Chaplin since February 1994. (Def. 56.1 ¶ 1.) Since February 1994, part of Rev. Clapp's duties included the distribution of religious materials and literature to the inmate population. (Id. at ¶ 2.) According to Defendant, on March 26, 2007, Rev. Clapp placed multiple copies of two tracts published by Chick Publications on tables in Housing Unit A and Housing Unit E of the Jail. (Id. at ¶ 4.) These tracts, entitled "Men of Peace?" and "Allah has no Son" contained allegedly defamatory images and statements about the Muslim faith. (Compl. ¶¶ 13-18.) Defendant maintains that over the years, she has distributed various tracts from Chick Publications at the Jail, without complaint or incident. (Clapp Aff. ¶ 11.) On this instance, Rev. Clapp asserts that she had not read or reviewed the tracts prior to their distribution at the jail, and that she was unaware of their contents. (Id. at ¶ 2.)

On March 27, 2007, Rev. Clapp spoke with inmate Dorian Epps ("Mr. Epps") who expressed his concerns about the pamphlets. (Def. 56.1 ¶ 7.) According to Defendant's Rule 56.1 Statement, Rev. Clapp then apologized to Mr. Epps and promptly collected all the Chick Publications she could locate. (Id. at ¶ 8.) On March 28, 2007, Captain Conjura spoke with Rev. Clapp about the subject tracts and instructed her to remove all Chick Publications, including the tracts at issue here, from the inmate population, and prohibited Rev. Clapp from further

4

distributing any tracts from Chick Publications at the Jail. (Id. at ¶ 10.) On April 12, 2007, as a result of the distribution of these two tracts, Rev. Clapp was suspended with pay. (Id. at ¶ 12.) On or about May 15, 2007, a disciplinary proceeding pursuant to section 75 of the Civil Service Law was commenced against Rev. Clapp regarding the distribution of the subject tracts. (Id. at ¶ 15.) On May 15, 2007, Rev. Clapp' suspension was continued; however, she was suspended without pay. (Id. at ¶ 16.) Following a three day disciplinary hearing, the Arbitrator of that proceeding determined that Rev. Clapp was negligent in failing to read or inspect the subject tracts prior to their distribution to the inmate population. (Id. at ¶ 19.) On September 10, 2007, Rev. Clapp was permitted to return to work. (Id. at ¶ 20.) Upon Rev. Clapp's return to work, she was ordered to cease and desist from supervising any other religious leaders that enter the jail and was stripped of her responsibilities over all religious matters that pertained to the Jail. (Id. at ¶ 21.)

## IV. Analysis

Defendant Clapp asserts three reasons why summary judgment should be granted in her favor: 1) Plaintiffs are unable to establish a "custom or policy" on the part of the County of Rockland such that Defendant can be sued in her "official capacity"; 2) Plaintiffs are unable to establish that Rev. Clapp's actions amounted to anything more than mere negligence which is insufficient to sustain a suit against Rev. Clapp in her "personal capacity"; and 3) Plaintiffs have failed to exhaust their administrative remedies. The Court will discuss each of these three in turn.

### A. Plaintiffs are unable to establish a "custom or policy" on the part of the County of Rockland

Official capacity suits under § 1983, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159,

165-66 (1985). A governmental entity is liable under § 1983, "only when the entity itself is a 'moving force' behind the deprivation." Id. at 166 (internal citation omitted). Thus, in an official capacity suit, "the entity's 'policy or custom' must have played a part in the violation of federal law." Id. It is well settled that the "policy or custom used to anchor liability need not be contained in an explicitly adopted rule or regulation." Sorlucco v. New York City Police Dep't., 971 F.2d 864, 870 (2d Cir. 1992) (internal citation omitted). Nevertheless, the plaintiff must prove that the "allegedly violative practice is persistent and widespread," and that the "actions of subordinate city employees" are "so manifest as to imply the constructive acquiescence of senior policy-making officials." Id. at 871 (internal citation omitted).

Here, the allegation against Rev. Clapp involves a single isolated incident in which Rev. Clapp distributed allegedly defamatory tracts. The Plaintiffs have dismissed all claims against the County of Rockland, and there is no further allegation that the County of Rockland had a policy or custom of distributing inflammatory material or that the entity itself was a moving force behind Rev. Clapp's actions. While the Complaint does state that the "County of Rockland had a policy, both express and/or implied to deny the religious rights of the plaintiffs," (Compl. ¶ 21), there "must be evidence of the complained-of activity by [others] in similar circumstances" in order for Plaintiffs to survive a motion for summary judgment. Lipton v. County of Orange, NY, 315 F.Supp.2d 434, 453 (S.D.N.Y. 2004). Plaintiffs have not alleged any facts indicating that the County had a custom or policy of deliberate indifference in distributing inflammatory tracts nor have they alleged that the County or Rev. Clapp engaged in this type of activity previously. Because Plaintiffs have failed to raise a genuine issue as to whether the County has or had a custom or policy of deliberate indifference to First Amendment rights, the claims asserted against Rev. Clapp in her official capacity are dismissed.

**B. Plaintiffs raise a genuine issue of material fact as to whether Rev. Clapp's actions amounted to more than mere negligence and their claims are sufficient to sustain a suit against Rev. Clapp in her "personal capacity"**

Unlike suits in the "official capacity," "personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. Plaintiffs challenging "deprivations of due process under 42 U.S.C. § 1983 must demonstrate…that the defendant acted with more than mere negligence." Grune v. Rodriguez, 176 F.3d 27, 32 (2d Cir. 1999).

Here, Rev. Clapp attests that she did not see or read the subject tracts prior to distributing them in the Jail. (Clapp Aff. ¶ 12.) Further, the Defendant points to the fact that the Arbitrator in Rev. Clapp's disciplinary proceeding found her negligent, and not grossly negligent in failing to review the pamphlets prior to distribution. (Def. Reply Mem. 13.) Plaintiffs in turn raise many issues of genuine fact. For example, Plaintiffs claim 1) that Rev. Clapp distributed these pamphlets in all of the Housing Units, and not simply Housing Unit A and E, as she attests (Plaintiff. 56.1 ¶ 1); (Clapp Aff. ¶ 13.); 2) that the titles and cover illustrations on the two tracts are so facially inflammatory as to make highly improbable Rev. Clapp's assertion that she was unaware of the tracts' contents (Pla. 56.1 ¶ 2); (Clapp. Aff. ¶ 12); and 3) that Rev. Clapp did not immediately collect all copies of the tracts and in fact tried to convince one of the Plaintiffs that their contents were correct. (Pla. 56.1 ¶ 3.) These allegations all call into question whether or not Rev. Clapp acted in negligence or with deliberate indifference to the Plaintiffs' First Amendment rights such that her actions were a substantial burden on those rights. Because Plaintiffs have raised a genuine issue of material fact with respect to whether Rev. Clapp's action were the

result of deliberate indifference, Defendant's motion for summary judgment on the claims against Rev. Clapp in her personal capacity are denied.

### C. Plaintiffs raise a genuine issue of material fact regarding their inability to exhaust administrative remedies

Defendant's final claim is that summary judgment should be granted in their favor because Plaintiffs failed to exhaust their administrative remedies before filing this suit. Specifically, Defendants cite to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." According to Defendants, none of the Plaintiffs filed a formal grievance with the Rockland County Sheriff's Department, pursuant to the County's grievance policies, regarding any of their allegations. (Conjura Aff. ¶ 31.) Plaintiffs assert however that Defendant should be equitably estopped from asserting this affirmative defense, in part, because Plaintiffs' attempts to file written grievances were hindered by County employees. (Pla. Opp. 1); (Pla. 56.1 ¶ 4); (Vazquez Aff. ¶ 17); (Kidd Aff. ¶¶ 15, 16, 17, 20-22.) Plaintiffs' have filed affidavits containing factual allegations tending to show that the Jail's administrative remedies were in fact a nullity and that Jail employees inhibited the exhaustion of remedies by denying Plaintiffs access to the written grievance forms. They state in the alternative that Defendants had notice of this claim by virtue of its investigation and the proceedings in the disciplinary hearing against Rev. Clapp. Consequently, Plaintiffs' have raised a genuine issue of material fact as to whether or not the administrative remedies within the Jail are a nullity and whether Plaintiffs' ability to file formal

grievances against Rev. Clapp within the Rockland County Jail was hindered and impeded by Jail employees and supervisory personnel.

## V. Conclusion

For the above stated reasons, Defendant's motion for summary judgment is granted in part and denied in part. Plaintiffs failed to allege facts indicating that the County of Rockland had a widespread custom or policy of distributing inflammatory pamphlets regarding the Islamic faith and thus, summary judgment dismissing the claim against Rev. Clapp in her official capacity is granted. However, Plaintiffs successfully raised multiple genuine issues of material fact regarding the circumstances surrounding Rev. Clapp's distribution of the two tracts and regarding the availability of administrative remedies within the Jail. Consequently, summary judgment dismissing the claim against Rev. Clapp in her personal capacity is denied.

Trial is set to begin on Monday March 7, 2011 at 9:30am. The Joint Pre-Trial Order shall be filed by February 28, 2011 together with proposed Voir Dire, Requests to Charge and any in limine motions. Because the alleged violation in this case is alleged to have occurred for a short duration, it is likely that Plaintiffs' damages will not exceed the legal costs associated with proceeding to trial. Consequently, a Settlement Conference will be held at February 24, 2011 at 2:00pm.

SO ORDERED.

Dated: New York, New York

February 18, 2011

                                                  Robert P. Patterson, Jr.

                                                  U.S.D.J.

10

**Copies of this Order sent to:**

<u>Counsel for Plaintiffs</u>

**Andrew Fredrick Plasse**
Andrew F. Plasse, P.C.
352 7th Avenue, Suite 402,
New York, NY 10001
(212)-695-5811
Fax: (212)-402-7737


<u>Counsel for Defendant</u>

**Richard Martin Mahon**
Tarshis, Catania, Liberth, Mahon & Milligram
One Corwin Court
Post Office Box 1479
Newburgh, NY 12550
845-565-1100
Fax: 845-565-1999